UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

John Madden,          :
          Plaintiff,     :
                        :
          v.             :     File No. 1:07-CV-111
                        :
Town of New Haven,      :
          Defendant.     :

OPINION AND ORDER
(Papers 3 and 5)

Plaintiff John Madden, proceeding *pro se*, brings this
action claiming that defendant Town of New Haven, having
received a petition signed by five percent of the Town's
voters, failed to hold a town vote as required under Vermont
law.  The Town now moves to dismiss arguing failure to state a
claim, lack of subject matter jurisdiction, lack of standing,
and insufficient service of process.  For reasons set forth
below, the motion to dismiss is DENIED without prejudice.

Factual Background

For purposes of the motion to dismiss, the facts in the
complaint will be accepted as true.  On June 26, 2006, a
petition signed by more that five percent of New Haven voters
was filed with the town clerk pursuant to 17 V.S.A. § 2643.
The petition called for a town vote on the procedure for
adopting amendments to the town Zoning and Subdivision Bylaws
pursuant to 24 V.S.A. § 4442(c)(2).  The complaint states that

"[i]n spite of the petition the Selectmen adopted a Bylaw amendments proposal on June 27, 2006."  (Paper 1-6 at 1).

Madden now alleges that Town violated his "Constitutionally guaranteed Civil Rights of petition and due process."  He appears to have brought similar claims in Vermont Superior Court and on appeal to the Vermont Supreme Court.  In both courts, his request for relief was denied.

## Discussion

On a motion to dismiss, the Court must accept as true the factual allegations in the complaint, and must draw all inferences in the plaintiff's favor.  See Allaire Corp. v. Okumus, 433 F.3d 248, 249-50 (2d Cir. 2006).  To survive dismissal, "the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient to 'raise a right to relief above the speculative level.'"  ATSI Comms., Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98, (2d Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007)).  The Court is also mindful that *pro se* pleadings are to be read liberally.  See Phillips v. Girdich, 408 F.3d 124, 128 (2d Cir. 2005).

The defendants first argue that Madden has failed to allege a violation of a protected state or federal right.  The complaint claims that the failure to hold a town vote violated state law, and in turn violated Madden's federal right to due

process and right to petition.  While the Town has not argued, and therefore the Court will not address, the viability of these claims, Madden has at least alleged plausible violations of his civil rights.  Cf. Kirchner v. Giebink, 150 Vt. 172, 179 (Vt. 1988) (town's failure to call meeting after citizen petition did not violate civil rights where meeting would have been "useless").

The Town next contends that this Court has no subject matter to review the denials of Madden's claim by the state courts.  (Paper 3 at 2, citing Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923)).  It does not appear from the face of the complaint, however, that Madden is seeking appellate review of state court decisions.  Instead, having failed to achieve relief in state court, Madden comes to this Court alleging federal constitutional violations.  Therefore, the Court will not dismiss the complaint on the basis of the doctrine set forth in Rooker.

The Town's third argument for dismissal is that Madden has no standing.  Specifically, the Town submits that Madden has not described the zoning issue in any detail, and has not stated how he will be harmed by changes to the zoning laws in New Haven.

The focus of this case is the failure to present the issue to a vote, not the substantive zoning issue itself.  By

3

claiming harm to his due process rights and right to petition, Madden is arguing procedural rather than substantive harm.  On the procedural questions, Madden has an arguable claim for standing to bring suit.

The Town's final argument is that it was never properly served.  The Town informs the Court that it was served by mail, and Madden does not contest this fact.  In response to the Town's claim, Madden argues that by filing the motion to dismiss, the Town has demonstrated it is in possession of his complaint, and that no further service is required.

Federal Rule of Civil Procedure 4(j)(2) requires that a Summons and Complaint be delivered to the municipality's chief executive officer or served in a manner prescribed by state law.  Service by mail does not satisfy the "delivered" requirement of Rule 4(j).  See Dunmars v. City of Chicago, 22 F. Supp. 777, 781 (N.D. Ill. 1998).  Under Vermont law, service upon a town must be made by delivering a copy of the summons and complaint to the clerk, treasurer or manager.  V. R. Civ. P. 4(d)(4).  Because Vermont has specific exceptions for service by mail, it is clear that, as with the Federal Rule, service by mail does not qualify as "delivering" under Rule 4(d)(4).

Accordingly, the defendant in this case has not been properly served.  Under Federal Rule of Civil Procedure 4(m)

4

service must be made within 120 days after filing of the complaint. If, after 120 days, the defendant has not been served,

> the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Here, six months have passed since the filing of the complaint. Furthermore, because the defendants raised the issue of improper service less than 30 days after the complaint was filed, Madden was on notice of the service issue long before the 120-day deadline expired. In light of these facts, and in keeping with the plain text of Rule 4(m), the Court will extend Madden's time for service only upon a showing of good cause. Madden shall make this showing in writing to the Court within 30 days of the date of this Order. If he fails to make such a filing, or fails to show good cause, this action will be dismissed without prejudice.

Because the Court must give notice prior to dismissing a case for inadequate service, dismissal is not warranted at this time. See Nagy v. Dwyer, 2007 WL 3146327, at *2 (2d Cir. Oct. 29, 2007). Consequently, the motion to dismiss is DENIED without prejudice.

<u>Conclusion</u>

For the reasons set forth above, the defendant's motion to dismiss (Paper 3) is DENIED without prejudice.  The complaint will be DISMISSED without prejudice unless Madden shows, within 30 days of the date of this Order, good cause for his failure to properly serve the defendants.  Madden's motion for declaratory judgment (Paper 5) is DENIED as premature.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 19th day of November, 2007.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge