UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

John Madden,                    :
          Plaintiff,            :
                                :
          v.                    :     File No. 1:07-CV-111
                                :
Town of New Haven,              :
          Defendant.            :

<u>OPINION AND ORDER</u>
(Paper 12)

Plaintiff John Madden, proceeding *pro se*, brings this action claiming that defendant Town of New Haven, having received a petition signed by five percent of the Town's voters, failed to hold a vote as required under Vermont law. After the Town moved to dismiss, the Court ordered Madden to show good cause why service had not been effected within 120 days.  Madden now claims that he was unaware of the need for service other than by mail, and notes that he effected service upon the Town shortly after the Court issued its order.  The Town now renews its motion to dismiss, arguing that Madden has failed to show good cause. (Paper 12).  For the reasons set forth below, the motion to dismiss is GRANTED and this case is DISMISSED without prejudice.

<u>Factual Background</u>

For purposes of the motion to dismiss, the facts in the complaint will be accepted as true.  On June 26, 2006, a petition signed by more than five percent of New Haven voters

1

was filed with the town clerk under 17 V.S.A. § 2643.  The petition called for a vote on the procedure for adopting amendments to the town Zoning and Subdivision Bylaws under to 24 V.S.A. § 4442(c)(2).  The complaint states that "[i]n spite of the petition the Selectmen adopted a Bylaw amendments proposal on June 27, 2006."  (Paper 1-6 at 1).

Madden's complaint alleges that the Town violated his "Constitutionally guaranteed Civil Rights of petition and due process."  He appears to have brought similar claims in Vermont Superior Court and on appeal to the Vermont Supreme Court.  In both courts, his request for relief was denied.  He filed his complaint in this case on May 15, 2007.

On June 5, 2007, the Town moved to dismiss on a variety of grounds, including insufficient service of process.  Madden had served the Town by mail, but had not complied with the service requirements of Fed. R. Civ. P. 4.  On November 19, 2007, the Court denied the motion to dismiss without prejudice and required Madden to show good cause why he had not effected proper service within the 120-day time limit set forth in the Federal Rules.[1]  On November 27, 2007, the Addison County Sheriff's Office served process upon the Town.  The Town now

---

[1]  After the Court denied the Town's initial motion to dismiss, the Town amended its answer to add defenses of res judicata, collateral estoppel and political question doctrine. These defenses have not yet been offered in a dispositive motion or briefed by the parties.

renews its motion to dismiss, arguing that Madden has failed to comply with the Court's order requiring a showing of good cause.

## Discussion

Under Fed. R. Civ. P. 4(j)(2), a summons and complaint must be delivered to the municipality's chief executive officer or served in a manner prescribed by state law. Madden's initial effort at service, serving the Town by mail, did not satisfy either the federal or state requirements. As the Court explained in its previous order, service by mail does not satisfy the "delivered" requirement of Federal Rule 4(j). See Dunmars v. City of Chicago, 22 F. Supp. 777, 781 (N.D. Ill. 1998). Under state law, Vermont has specific exceptions for service by mail, none of which apply here. See Vt. R. Civ. P. 4. Accordingly, Madden's service by mail was insufficient.

The Federal Rules require that service be made within 120 days after filing of the complaint. Fed. R. Civ. P. 4(m). The deadline for service in this case was mid-September 2007. The Town first raised the issue of improper service in its motion filed on June 5, 2007, less than 30 days after the complaint was filed. The motion clearly stated the applicable Rule, and argued that service by mail was inadequate.

Nonetheless, Madden did not effect proper service on the Town until nearly seven months later.

> If, after 120 days, the defendant has not been served,
>
> the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Id. In its previous order, the Court warned that this case would be dismissed if Madden did not show good cause in a timely manner.  Less than 10 days after the Court issued its order, Madden filed a memorandum apologizing "for not understanding any need for service other than what was done by mail.  Until the Nov. 19th Order I had not heard anything from the Court in that regard."  (Paper 8).

The Town now submits that dismissal is due because Madden has not established good cause.  "Courts generally will find good cause only where the failure to effect timely service was the result of circumstances beyond plaintiff's control, and was not the result of mere 'inadvertence, mistake or misplaced reliance.'"  Micciche v. Kemper Nat'l Serv., 2008 WL 794977, at *4 (E.D.N.Y. March 24, 2008); see also Naglieri v. Valley Stream Cent. High Sch. Dist., 2006 WL 1582144, at *2 (E.D.N.Y. May 26, 2006) (ignorance of the rules, inadvertence, or mistake do not constitute good cause); Jonas v. Citibank, 414

F. Supp. 2d 411, 416 (S.D.N.Y. 2006).  Courts have specifically held that ignorance of the 120-day time limit does not establish good cause under Rule 4(m).  See Marozsan v. United States, 849 F. Supp. 617 (N.D. Ind. 1994), aff'd 90 F.3d 1284, cert. denied 520 U.S. 1109 (1997) (compiling cases).  Furthermore, *pro se* status alone does not constitute good cause.  Rivera v. Warden of M.C.C., N.Y., 2000 WL 769206, at *5 (S.D.N.Y. June 13, 2000) (citing Edwards v. I.N.S., 59 F.3d 5, 8 (2d Cir. 1995)).

In this case, Madden acted under the mistaken belief that service by mail was adequate.  He was alerted to his mistake by the defendants, but took no action to effect proper service until he received the Court's order on the motion to dismiss. By that time, the 120-day time limit had expired.  Because Madden's error was based solely on his ignorance of the law, and not upon circumstances beyond his control, he has failed to show good cause.

While earlier versions of Rule 4(m) required dismissal unless the plaintiff could establish good cause, the current rule, as amended in 1993, provides district courts with the discretion "to enlarge the 120-day period 'even if there is no good cause shown.'" Henderson v. United States, 517 U.S. 654, 662-63 (1996) (quoting Fed. R. Civ. P. 4(m) Adv. Comm. Notes); see also Zapata v. City of New York, 502 F.3d 192, 196 (2d

Cir. 2007).  Courts commonly consider several factors in determining whether to grant an extension, including: (1) "whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision." Beauvoir v. U.S. Secret Serv., 234 F.R.D. 55, 58 (E.D.N.Y. 2006).

In the present case, balancing these factors does not favor either party.  The Court is unaware of any statute of limitations concern,[2] and the Town has not raised the statute of limitations as a defense.  Because the limitations issue is unlikely to bar Madden from re-filing, this factor weighs in favor of dismissal.  Weighing against dismissal is the fact that the Town had actual notice of the claims in the complaint, as evidenced by its initial motion to dismiss. Weighing in the Town's favor is the fact that there was no attempt to conceal the defect in service, as the Town raised the issue on the record soon after the complaint was filed. The fourth factor favors Madden, since the Town has not

---

[2]  See Morse v. Univ. of Vermont, 973 F.2d 122, 126-27 (2d Cir. 1992).

suggested that it will suffer any prejudice if the Court grants him an extension *nunc pro tunc*.

In Zapata, the Second Circuit noted that "no weighing of the prejudices between the two parties can ignore that the situation is the result of the plaintiff's neglect."  502 F.3d at 198.  Madden was aware of a potential defect in service early on, but made no effort to remedy the defect until the Court issued its ruling.  In that ruling, the Court required him to show good cause or risk dismissal.  Madden made no such showing, instead confessing his ignorance and claiming that the Court's delay has caused him harm.  (Papers 8 and 13).  Because Madden cannot show good cause and has failed to act with reasonable diligence in this matter, the Court finds that dismissal is warranted.  See, e.g., Zapata, 502 F.3d at 199 (affirming dismissal where plaintiff "made no effort to effect service within the service period, neglected to ask for an extension within a reasonable time, and has advanced no cognizable excuse for the delay").  Accordingly, and with notice of potential dismissal having been provided by the Court, the Town's renewed motion to dismiss is GRANTED and this case is DISMISSED without prejudice.  Fed. R. Civ. P. 4(m) (court must dismiss without prejudice).

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 17th day of June, 2008.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge